Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Eileen M. Ahern (Bar No. 216822)
eahern@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone:   (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant X Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL SIFUENTES III, | Case No.: 3:24-cv-00590-SK |
| Plaintiff, | Hon. Sallie Kim |
| v. | **INITIAL JOINT CASE MANAGEMENT STATEMENT** |
| X CORP., | |
| Defendant. | Action Filed: January 29, 2024 |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California Re: Contents of Joint Case Management Statement dated January 17, 2023, the Standing Order for Magistrate Judge Sallie Kim dated July 11, 2019, the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 3), and the Order Continuing Initial Case Management Conference (Dkt. 31), Plaintiff David Angel Sifuentes III and Defendant X Corp., as successor in interest to named defendant Twitter, Inc. ("X Corp."), submit this Initial Joint Case Management Statement.

**1.   JURISDICTION AND SERVICE**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

In "Plaintiffs [sic] Amended Complaint and Injunctive Relief" (Dkt. 32; "SAC"), Plaintiff alleges "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceed $75,000." *Id.* ¶ 8. Plaintiff seeks $375,000 in emotional distress damages or "in the alternative an award of $150,000," $5 million in punitive damages, and injunctive relief. *Id.* at 21-22 (prayer for relief). At present, X Corp. does not contest subject matter jurisdiction.

No issue exists regarding personal jurisdiction or venue. No party remains to be served.

**2.   FACTS**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff's Statement:

X corp has been concealing multiple data breaches and ongoing activity in violation if of plaintiffs constitutional and civil rights to privacy, breach of contract, negligent infliction of emotional distress and other claims raised in his complaint.

X Corp.'s Statement: X Corp. is a private, nongovernmental entity that operates an online

social media platform called "Twitter."[1] Its hundreds of millions of accountholders may post and exchange short messages on the platform that may be seen by other accountholders and the general public.

Plaintiff's claims are based on alleged data breaches that X Corp. allegedly suffered in 2016, 2021, and 2023. Dkt. 32 ¶¶ 4, 6. Plaintiff alleges his publicly available email address, his Twitter username and password, and his "domain" were exposed, and that X Corp. failed to secure his data or notify him of the breaches.

## 3. LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

<u>Plaintiff's Statement</u>: Plaintiff will be asserting civil rights and constitutional violations including right to privacy and breach of contract for the data breach and issues discussed in his complaint.

<u>X Corp.'s Statement</u>: As explained in X Corp.'s Motion to Dismiss Plaintiff's SAC Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 37; "Motion to Dismiss SAC"), all of Plaintiff's claims should be dismissed with prejudice for several reasons.

*First*, X Corp.'s Terms of Service to which Plaintiff agreed, bar Plaintiff's common law claims. There, X Corp. disclaimed the obligation or ability to secure his personal data from unauthorized access by bad actors, and it disclaimed any liability for failing to do so.

*Second*, Plaintiff does not adequately allege any damages arising from the theft of any personal information.

*Third*, Plaintiff's claims, to the extent they are premised on the purported 2016 and 2021 breaches, are barred by the applicable statutes of limitation.

*Fourth*, Plaintiff fails to sufficiently plead the elements of any of his numerous claims.[2]

---

[1] Twitter, the platform has been re-branded as "X." This Initial Joint Case Management Statement continues to refer to the platform as "Twitter" for ease of understanding.
[2] The SAC asserts fifteen claims: (1) negligence; (2) breach of contract; (3) breach of implied contract; (4) breach of bailment; (5) invasion of privacy by public disclosure of private facts;

## 4. MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

### A. Prior Motions

On March 13, 2024, Plaintiff filed a Motion to Strike Exhibit (Dkt. 8). On the Court's Order Screening Amended Complaint and Directing Issuance of Summons and Service (Dkt. 13), the Court denied this motion. *Id.* at 1.

On May 14, 2024, X Corp. filed its Motion to Dismiss Plaintiff's Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 18; "Motion to Dismiss FAC"). On May 31, 2024, Plaintiff filed a Motion for Leave to Amend Complaint (Dkt. 25). In its Order Granting Motion for Leave to Amend (Dkt. 27), the Court granted Plaintiff's Motion for Leave to Amend Complaint and terminated X Corp.'s Motion to Dismiss FAC as moot. *Id.* at 1.

### B. Pending Motions

On August 22, 2024, X Corp. filed its Motion to Dismiss SAC. Plaintiff filed an "Opposition to Motion to Dismiss" on September 10, 2024 (Dkt. 41) and a "Supplemental Response to Defendant's Motion to Dismiss" on September 23, 2024 (Dkt. 43). X Corp.'s reply in support of its Motion to Dismiss SAC is due on October 24, 2024. *See* Dkt. 35 ("Should Defendant move to dismiss, the Court generally approves of the parties' suggested briefing schedule [set forth in Dkt. 33], and Defendant should include the parties' stipulated dates in is filing."); Motion to Dismiss SAC at 1 n.1 ("The parties have stipulated that . . . X Corp. shall file its reply in support of this Motion by October 24, 2024.").

The Court found the Motion to Dismiss SAC "may be determined without oral argument" and has vacated the November 18, 2024 hearing date on that motion. Dkt. 42.

---

(6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; (8) violation of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100 *et seq.*; (9) violation of the California Consumer Records Act, Cal. Civ. Code § 1798.82; (10) violation of the Michigan Identity Theft Protection Act, Mich. Comp. Laws § 445.72; (11) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.72; (12) conversion; (13) unjust enrichment; (14) negligence per se; and (15) "FUTURE AND ONGOING INJURY." *Id.* ¶¶ 15-121.

**5.    AMENDMENT OF PLEADINGS**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff's Statement: No comment.

X Corp.'s Statement: Because X Corp.'s Motion to Dismiss SAC is pending, X Corp. has not filed any responsive pleading to the SAC. As explained in X Corp.'s Motion to Dismiss SAC, all Plaintiff's claims should be dismissed with prejudice, because the SAC fails to state any claim and amendment would be futile.

**6.    EVIDENCE PRESERVATION**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and the Checklist for ESI Meet and Confer, including those portions related to evidence preservation. The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.*

Plaintiff's Statement: No initial disclosures at this time.

X Corp.'s Statement:  X Corp. objects to serving its initial disclosures at this time. As explained in X Corp.'s Motion to Dismiss SAC, all of Plaintiff's claims should be dismissed with prejudice, because the SAC fails to state any claim and amendment would be futile. X Corp. proposes that the deadline to serve its initial disclosures be set for thirty days after X Corp. files an answer (if necessary) to the SAC or any subsequently filed amended complaints.

## 8. DISCOVERY

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.

The parties are filing their Joint Rule 26(f) report concurrently with the filing of this CMC Statement.

To the extent discovery is taken in this case, the parties anticipate that they will stipulate to an order to address discovery of confidential documents and information, the inadvertent production and claw-back of privileged or otherwise protected materials, and the production of electronically stored information.

To date, no discovery dispute has been identified.

## 9. CLASS ACTIONS

*If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.*

This case is not a class action.

## 10. RELATED CASES

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The parties are not aware of any related case pending before another judge of this Court, or before another court or administrative body.

## 11. RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages*

*should be calculated if liability is established.*

<u>Plaintiff's Statement</u>: Plaintiff seeks and award of $150,000 in damages and also any other relief including punitive as mentioned in complaint plaintiff has offered to settle for around $75,000 but has been denied.

<u>X Corp.'s Statement</u>: X Corp. contends that Plaintiff is not entitled to any relief from X Corp. As explained in the Motion to Dismiss SAC, Plaintiff's claims fail as a matter of law and should be dismissed with prejudice. X Corp. cannot describe the bases on which any alleged damages could be calculated because Plaintiff has not suffered any damages.

**12. SETTLEMENT AND ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

<u>Plaintiff's Statement</u>: No adr discussion at this time.

<u>X Corp.'s Statement</u>: The parties have not engaged in ADR discussions. X Corp. does not believe that ADR or settlement discussions will be fruitful at this time. As explained in the Motion to Dismiss SAC, Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

**13. OTHER REFERENCES**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these*

*issues may be expedited.*

<u>Plaintiff's Statement</u>: Case in initial stages.

<u>X Corp.'s Statement</u>: This case is in its initial stages. If the case proceeds after resolution of the Motion to Dismiss SAC, X Corp. will meet and confer with Plaintiff about any issues that might be narrowed.

**15.   EXPEDITED TRIAL PROCEDURE**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.*

This action need not proceed on an expedited basis.

**16.   SCHEDULING**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

<u>Plaintiff's Statement</u>:  30 days after court decides the motion.

<u>X Corp.'s Statement</u>: As explained in the Motion to Dismiss SAC, Plaintiff's claims fail as a matter of law and should be dismissed with prejudice. The parties do not know at present whether any of his claims will survive that Motion. To the extent any of his claims survive dismissal, discovery should focus on those remaining claims. X Corp. proposes the Court, to the extent the Motion to Dismiss SAC is not granted in its entirety, permit the parties to submit proposed dates for the completion of discovery within 30 days after the court decides that motion.

**17.   TRIAL**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

<u>Plaintiff's Statement</u>: Jury trial unsure of length 1-3 days.

<u>X Corp.'s Statement</u>: Plaintiff has demanded a jury trial. Dkt. 32. Given that X Corp.'s

Motion to Dismiss SAC is pending, which could determine the scope of any part of the case that would remain for trial, X Corp. has not formulated a view about the expected length of trial.

**18. DISCLOSURE OF NONPARTY INTERESTED ENTITIES OR PERSONS**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

Plaintiff has not filed a Certification of Interested Entities or Persons.

X Corp. has filed its Corporate Disclosure Statement and Certification of Conflicts and Interested Entities or Persons. Dkt. 17.[3] As stated therein, the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: X Holdings Corp.

**19. PROFESSIONAL CONDUCT**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

X Corp.'s attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

[3] X Corp. has also filed a Supplemental Corporate Disclosure Statement and Certification of Conflicts and Interested Entities or Persons. Dkt. 44.

**20.  OTHER**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are not presently aware of any other matter that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Dated:  October 14, 2024        By:  */s/ David Angel Sifuentes III*
David Angel Sifuentes III
*Plaintiff in Pro Per*

Dated:  October 14, 2024        WILLENKEN LLP

By:  */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
*Attorneys for Defendant*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Kenneth M. Trujillo-Jamison, attest that each of the other signatories have concurred in the filing of the document.

Dated: October 14, 2024                             WILLENKEN LLP

                                                    By:  */s/ Kenneth M. Trujillo-Jamison*
                                                         Kenneth M. Trujillo-Jamison
                                                         *Attorneys for Defendant*