UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID ANGEL SIFUENTES, | Case No. 24-cv-00590-SK (JSC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION** |
| X CORP., INC., | |
| Defendant. | Re: Dkt. No. 86 |

Plaintiff David Angel Sifuentes, III, proceeding without attorney representation, filed this action against Defendant on January 29, 2024. The case was assigned to Magistrate Judge Sallie Kim and Mr. Sifuentes consented to magistrate judge jurisdiction. (Dkt. No. 9.) Upon review, Judge Kim ordered the complaint served on Defendant. (Dkt. No. 13.) After Defendant was served with the complaint and summons also consented to magistrate judge jurisdiction (Dkt. No. 28), Judge Kim proceeded to make several rulings. Ultimately, Judge Kim granted Defendant's motion to dismiss the Second Amended Complaint without leave to amend as to all of his claims, except leave to amend was granted as to his claim for intentional infliction of emotional distress. (Dkt. No. 65.)   Mr. Sifuentes filed an amended complaint and a motion seeking reconsideration of the dismissal order. (Dkt. Nos. 66, 67.) Because Mr. Sifuentes did not first seek and obtain leave to file a motion for reconsideration, Judge Kim denied the motion without prejudice to seeking leave to file a motion for reconsideration. (Dkt. No. 71.) Mr. Sifuentes never did so. But Defendant moved to dismiss the amended claim for intentional infliction of emotional distress. After the completion of briefing, Judge Kim granted the motion to dismiss without leave to amend and entered judgment in favor of Defendant and against Mr. Sifuentes on all causes of action. (Dkt. Nos.  83, 84.)

Mr. Sifuentes responded to the judgment by moving for reconsideration and to alter or amend the judgment. (Dkt. No. 85.) He also moved for the first time to withdraw consent to Magistrate Judge Kim. (Dkt. No. 86.) He admits he "initially consented to the jurisdiction of the Magistrate Judge"; but, now he purports to withdraw that consent and have the case be reassigned to an Article III District Judge. (*Id.* at 1.) Because only a district court judge may rule on a motion to withdraw consent to magistrate judge jurisdiction, *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019), Mr. Sifuentes' motion was assigned to the undersigned duty district judge for decision.

Once all parties consent to magistrate judge jurisdiction, a district court can permit the consent to be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (quoting 28 U.S.C. § 636(c)(6); *see also* Fed. R. Civ. P. 73(b) ("On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule."). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id.* Mr. Sifuentes does not argue any extraordinary circumstances exist to permit him to withdraw consent now that judgment has been entered against him. Instead, he incorrectly argues that he can withdraw consent at any time without having to show good cause. (Dkt. No 86 at 2.) The case he cites, however, holds only that a litigant who consents to magistrate judge jurisdiction, ***but seeks to withdraw that consent before any other party consents to magistrate judge jurisdiction***, does not have to show cause. *Muhammad v. Fleming,* 29 F.4th 161, 167 (4th Cir. 2022); *see also Gilmore v. Lockard,* 936 F.3d 857, 861 (9th Cir. 2019) (same). As all parties consented to magistrate judge jurisdiction before Mr. Sifuentes moved to withdraw his consent—indeed, the magistrate judge entered judgment before he moved to withdraw consent—he must show extraordinary circumstances or at least good cause. He has not done so and cannot do so. So, the motion to withdraw consent is DENIED.

//
//
//

2

This Order disposes of Docket No. 86.

**IT IS SO ORDERED.**

Dated: February 3, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge